IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03074-BNB

FRED E. GARCIA,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director (CDOC),
VANCE EVERETT, Warden, Kit Carson Correctional Center,
C/O STACY THOMPSON, Kit Carson Correctional Center,
C/O DICKEY, Kit Carson Correctional Center,
DR. TIONA, Kit Carson Correctional Center, and
R.N. STEGEMAN, Kit Carson Correctional Center,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Fred E. Garcia, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Limon Correctional Facility in Limon, Colorado. Mr. Garcia has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Garcia is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Garcia will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Garcia asserts three claims for relief in the Prisoner Complaint that arise out of an incident that occurred on March 15, 2012, when he was housed at the Kit Carson Correctional Center (KCCC). He alleges in his first claim, which he labels a due process claim, that he was subjected to cruel and unusual punishment when he was stabbed in the arm with a meat thermometer by a correctional officer, Defendant Stacy Thompson. He also alleges in support of his first claim that unidentified officers have retaliated against him for reporting this incident. In his second claim, an equal

protection claim, Mr. Garcia alleges that he was treated more harshly than other similarly situated inmates. Finally, Mr. Garcia alleges in his third claim that he was not seen by a doctor for the injury he received when he was stabbed.

The court finds that Mr. Garcia fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to identify which Defendant or Defendants he is asserting each of these claims against; he fails to allege specific facts in support of his claims that demonstrate his constitutional rights have been violated; and he fails to allege specific fact that demonstrate how the named Defendants personally participated in the asserted constitutional violations. Although Mr. Garcia alleges in his first claim that he was stabbed by Defendant Thompson, which appears to be an Eighth Amendment claim rather than a due process claim, he does not link any other claim to any particular Defendant, and he does not identify what any other Defendant has done that allegedly violated his rights. In addition, if Mr. Garcia is asserting a retaliation claim as part of his first claim for relief, he fails to allege specifically who retaliated against him or how. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (discussing elements of a constitutional retaliation claim). Mr. Garcia fails to identify in his equal protection claim any similarly situated inmate; fails to allege specific facts that demonstrate he was treated differently; and fails to identify who allegedly violated his right to equal protection. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (discussing elements of an equal protection claim). Finally, with respect to his medical treatment claim, the court notes that Mr. Garcia alleges he received treatment for his stab wound from a nurse. As a result, it is not clear how his constitutional rights allegedly were violated, or by whom, because he was not seen by a

doctor.  *See Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (discussing elements of an Eighth Amendment medical treatment claim).

For these reasons, Mr. Garcia will be directed to file an amended pleading if he wishes to pursue his claims in this action.  For each claim Mr. Garcia asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Garcia must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisory officials as defendants, such as DOC Executive Director Tom Clements and KCCC Warden Vance Everett, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and

> eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Garcia file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Garcia shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Garcia fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 12, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge